UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEANNA C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-1713-TWP-MJD |
| ) | |
| MARTIN J. O'MALLEY,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR ATTORNEY FEES**

This matter is before the Court on Plaintiff's Motion for Attorney Fee Pursuant to § 206(b)(1).  [Dkt. 29.]  For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

On June 24, 2020, Plaintiff filed a complaint seeking to reverse the decision of the Commissioner of Social Security denying her application for Social Security benefits.  [Dkt. 1.] On November 18, 2021, the Court ruled in favor of Plaintiff and entered judgment reversing and remanding the case to the Social Security Administration for further proceedings.  [Dkt. 22, 23.] Plaintiff received an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $6,890.44, which was paid to Plaintiff's counsel. [Dkt. 28.]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley automatically became the Defendant in this case when he was sworn in as Commissioner of the Social Security Administration on December 20, 2023, replacing Acting Commissioner of the Social Security Administration Kilolo Kijakazi.

On remand, the Commissioner issued a favorable decision. [Dkt. 29-1.] Plaintiff was awarded past-due benefits, twenty-five percent of which, $40,127.50, was withheld by the Commissioner for potential attorney fees. [Dkt. 29-1 at 4.] Counsel received an award of $10,000.00 out of the withheld funds for work done at the administrative level pursuant to 42 U.S.C. § 406(a)(1). [Dkt. 29 at 2.] Counsel now asks the Court to order the Commission to remit to counsel the remaining $30,127.50.

## II. Legal Standard

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal. 42 U.S.C. § 406(b)(1)(A). The Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

## III. Discussion

As noted above, Plaintiff's counsel seeks an award of attorney fees in the amount of $30,127.50. The Commissioner "neither supports nor opposes" the requested fee award. [Dkt. 30.]

The contingency fee agreement between Plaintiff and her counsel entitled counsel to seek fees up to 25% of the total past-due benefits. [Dkt. 29-4.] The Supreme Court in *Gisbrecht* found that section 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. That said, the Court may not simply rubberstamp any fee request that is consistent with the contingency fee agreement. Rather, the Court is tasked with ensuring that the amount of fees awarded is reasonable. In

making this reasonableness determination, *Gisbrecht* instructs district courts to consider such factors as: (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time the attorney spent on the case, in which case a "downward adjustment" is appropriate to avoid a windfall for counsel. *Id.* at 808.

The requested fee award of $30,127.50 in this case would equate to awarding Plaintiff's counsel approximately $895.00 per hour for the 33.45 hours spent on this case, plus $190.00 for the 1.9 non-attorney hours. [Dkt. 29.] For over a decade, "'[w]ithin the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 [have] consistently [been] found to be reasonable.'" *Bradley L. v. Kijakazi*, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) (quoting *Taylor v. Berryhill*, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018)); *see also Zimmerman v. Astrue*, No. 1:08-cv-00228, 2011 WL 5980086, at *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, at *3-4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-cv-00018, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to an hourly rate of $583.50). However, awards representing significantly higher equivalent hourly rates have also been made. *See Janet H. v. Saul*, No. 1:19-cv-939 (S.D. Ind. Nov. 25, 2020) (equivalent hourly rate of $3,333.00);[2] *McPeters v. Saul*, No. 4:17-cv-41 (N.D. Ind. May 15, 2020) (equivalent hourly rate of $1,522.14); *Kirby v. Berryhill*, No. 14-cv-5936 (N.D. Il. Nov. 29, 2017) (equivalent hourly rate

---

[2] The Court notes that in the *Janet H.* case, the attorney requested only $10,000.00, even though 25% of the past due benefits awarded totaled $26,612.75. *See Janet H. v. Saul*, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020).

3

of $1,612.28); *Parker v. Saul*, No, 1:16-cv-437 (N.D. Ind. Oct. 13, 2020) (equivalent hourly rate of $1,409.47); *Heise v. Colvin*, No. 14-cv-739 (W.D. Wis. Dec. 15, 2016) (equivalent hourly rate of just over $1,100); *Zenner v. Saul*, No. 4:16-cv-51 (N.D. Ind. Apr. 8, 2020) (equivalent hourly rate of $1,167.28); *Baughman v. Saul*, No. 1:17-cv-175 (N.D. Ind. July 6, 2021) (equivalent hourly rate of $1,269.27).

The Court, in its discretion, determines that the awarding Plaintiff's counsel $30,127.50 in fees in this case would not result in a windfall to counsel. The imputed hourly rate of $895.00 falls within the range of hourly fees courts within the Seventh Circuit have approved as reasonable given the contingency nature of SSA cases and counsel's efficiency. Further, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Hughes v. Comm'r of Soc. Sec.*, 2019 WL 2408035, at *3 (N.D. Ind. May 30, 2019).

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Attorney Fee Pursuant to § 206(b)(1), [Dkt. 29], and awards fees in the amount of $30,127.50, to be paid directly to Plaintiff's counsel by the Commissioner out of Plaintiff's past-due benefits in accordance with agency policy. Plaintiff's counsel is **ORDERED** to refund to Plaintiff the $6,890.44 in EAJA fees previously paid to counsel **within thirty days** of the receipt of the funds from the Commissioner.

SO ORDERED.

Dated:  31 MAY 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system